IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:11-CR-186-1BO

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| RICHARD T. KELLEY, II | ) |

**PRELIMINARY ORDER AND JUDGMENT OF FORFEITURE**

WHEREAS, pursuant to the entry of the Memorandum of Plea Agreement entered into by the defendant, Richard T. Kelley, II, on August 9, 2011, the following property is hereby forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C), as made applicable by Title 28, United States Code, Section 2461(c), to wit:

(1) Personal property, including but not limited to the following items:

   a. 2010 Ford Explorer, VIN: 1FMEU7FEXAUA34295;

   b. 2010 Nissan Armada, VIN: 5N1BA0NE8AN603210;

   c. 2006 Nissan Murano, VIN: JN8AZ08W16W545329;

   d. 2007 Ford F150, VIN: 1FTPW14V17FB71307;

   e. 2008 Nissan Altima, VIN: 1N4AL21E38C118285;

   f. 2003 BMW 3 series, VIN: WBAEV53413KM29057;

   g. 2008 Ford Mustang, VIN: 1ZVHT85H185173853;

   h. 2010 Nissan Armada, VIN: 5N1AA0NE4AN620582;

   i. 2004 Mercedes Benz C320, VIN: WDBRF64J84F488353.

1

(2) Real property including but not limited to all of Lot 32, Phase 4, Heather Brook Estates, as recorded in Map Book 2000, page 689 of the Harnett County Registry, North Carolina and located at 661 Eisler Dr., Lillington, North Carolina.

(3) $648,776.42 in U.S. currency, an amount not currently in the possession of or its whereabouts known to the Government.

AND WHEREAS, by virtue of said Memorandum of Plea Agreement, the United States is now entitled to possession of said property, pursuant to 18 U.S.C. § 982 (a)(1)(C), as allowed by Fed. R. Crim. P. 32.2 (c)(2);

It is hereby ORDERED, ADJUDGED and DECREED:

1. That based upon the Memorandum of Plea Agreement as to the defendant, Richard T. Kelley, II, the United States is hereby AUTHORIZED to seize the above-stated property and currency, and it is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n), as allowed by Fed. R. Crim. P. 32.2(b)(3). In addition, JUDGMENT is entered for the amount of the gross proceeds, that is, $648,776.42, as allowed by Fed. R. Crim. P. 32.2(b)(2)(A). In accordance with Fed. R. Crim. P.

2

32.2(b)(4)(A), this Order and Judgment is final as to the defendant upon entry.

2. That upon sentencing and issuance of the Judgment and Commitment Order, the Clerk of Court is directed to incorporate a reference to this Order and Judgment of Forfeiture in the applicable section of the Judgment, as required by Fed. R. Crim. P. 32.2(b)(4)(B).

3. With regard to the personal property only, pursuant to 21 U.S.C. § 853(n), the United States shall publish notice of this Order and of its intent to dispose of the property in such manner as the Attorney General, the United States Department of Treasury, or the Director of the U. S. Department of Homeland Security directs, by publishing and sending notice in the same manner as in civil forfeiture cases, as provided in Supplemental Rule G(4). Any person other than the defendant, having or claiming any legal interest in the subject property must file a petition with the Court within 30 days of the publication of notice or of receipt of actual notice, whichever is earlier.

The petition must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, and must include any additional facts supporting the petitioner's claim and the relief sought.

3

4. That upon adjudication of all third party interests this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853, as required by Fed. R. Crim. P. 32.2(c).

SO ORDERED. This **31** day of **August**, 2012.

_____
TERRENCE W. BOYLE
United States District Judge

4